### FOLEY v. XAVIER.

(Supreme Court, Appellate Division, Second Department.  April 21, 1905.)

TRIAL—INSTRUCTION REQUIRING CONSIDERATION OF EXCLUDED EVIDENCE.

In an action for abuse of process, by which it was claimed defendant forced plaintiff to admit the authorship and retract the contents of certain anonymous and scurrilous letters and postal cards, evidence that plaintiff in fact wrote such letters and cards was excluded. Afterwards the court charged that, in passing on the question whether the admission and retraction were plaintiff's voluntary acts, the jury might consider whether what she confessed was true, and also that in passing on the question of damages, and determining whether plaintiff was injured by being compelled to write the confession, it was material to consider whether, in that confession, she was telling the truth. *Held* that, as the instruction required a finding upon evidence which had been excluded, it was reversible error.

Appeal from Trial Term, Westchester County.

Action by Delia Foley against Henry F. Xavier. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Roger M. Sherman, for appellant.

Odell D. Tompkins (George C. Appell, on the brief), for respondent.

HIRSCHBERG, P. J. The case comes for review on a bill of exceptions. The plaintiff's recovery is sought to be sustained upon the theory that the action is brought to obtain damages resulting from the abuse of a lawful process. The defendant, a priest of the Roman Catholic Church, had received some scurrilous anonymous cards and letters through the mails. He had in his possession some specimens of the plaintiff's handwriting, and these he submitted to

an expert, together with the anonymous communications. Receiving from the expert a report to the effect that all the writing was in the same hand, he obtained a warrant for the arrest of the plaintiff under the provisions of section 559 of the Penal Code; and the judgment recovered against him is based on the charge that, in abuse of that process, he had succeeded in extorting from the plaintiff a written confession of guilt, and a retraction of the scandalous allegations contained in the anonymous communications. It appears that, after the process was issued and delivered to an officer for execution, the defendant caused the plaintiff to be brought to his house, and that she there signed the confession and retraction, either voluntarily, or under the influence of fear occasioned by the situation, and by threats made by the defendant. The controversy was presented for solution to the jury by the learned trial justice as follows:

"It is claimed that the plaintiff was, by the abuse of this process, forced to confess, as I have stated, her authorship of the letters referred to, and of the cards, and to make certain retractions of the statements contained in those cards and those letters. It is claimed by the defendant that whatever she did in the matter was her voluntary act; that she was not influenced or coerced, but did whatever she did do voluntarily."

The defendant endeavored to prove upon the trial that the anonymous cards and letters were written by the plaintiff. The proof offered for this purpose was excluded, to which exclusion the defendant excepted; and the court, in the main charge to the jury, instructed them that the question of the authorship of the anonymous communications was not to be considered. He said:

"The question will only confuse the case, and is not relevant, and therefore it was excluded by me."

At the defendant's request, however, he charged the following proposition, viz.:

"That in passing upon the question whether the admission or retraction contained in the letter she wrote and signed were her voluntary acts, and as bearing upon the determination of that issue, the jury have a right to consider whether, in making that confession, she confessed what was true or confessed what was false; and also, in that connection, that in passing upon the question of damages, and as to whether she was humiliated, and as to any injury done her by reason of her writing those letters, it is material for them to consider whether when she wrote those letters she was telling the truth, and that such evidence bearing upon that point as is in the case is for their consideration in that connection."

The letters referred to in the latter part of this request are obviously the confession and retraction, as there was no proof received directly tending to show that the plaintiff did in fact write the anonymous cards and letters, and their authorship was not admitted by her, unless in the confession and retraction. The effect of the charge made as requested was therefore to submit to the jury the decision of the question of the plaintiff's complicity in the making and sending of the anonymous communications, as bearing legitimately upon the determination of both the question of the nature of her confession—whether voluntary or otherwise—and the question of the measure of damages, although the proof upon the subject which the defendant had offered had been rejected and ex-

cluded. It is unnecessary to pass at this time upon the relevancy of the excluded evidence. I am personally inclined to the view that it was proper and competent, but certainly a judgment cannot be sustained which may be based upon a finding of fact to which the excluded proof was directly addressed, and which, in the absence of evidence upon the subject, could have no material or intelligent support.

The judgment and order must therefore be reversed.

Judgment and order reversed and new trial granted; costs to abide the event. All concur, except HOOKER, J., not voting.